FILED
FEB 09 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Isabella Ashley Prisco Wimer-Cohen,<br><br>Defendants. | CASE NO.:  23-mj-0130-DDL<br><br>**ORDER RE MATERIAL WITNESS DEPOSITIONS** |

On February 9, 2023, the Court granted the motion of material witnesses Carlos Hugo Cruz-Garcia, Heriberto Escobar-Lopez, and Zacarias Perez-Hernandez (collectively "Material Witness") to take their depositions pursuant to 18 U.S.C. § 3144 and Federal Rule of Criminal Procedure 15(a)(2). Good cause appearing, the Court ORDERS as follows:

1. The parties shall complete the deposition of each Material Witness on or before March 13, 2023. The deposition will take place in the Office of the United States Attorney located at 880 Front Street, San Diego, California, or by remote video teleconferencing such as Zoom or Skype if the Material Witness cannot be brought to the United States Attorney's office. An employee of the United States Attorney's Office shall serve as the videographer.

2. All parties must attend the Material Witness deposition. If in custody, the defendant shall be brought separately to the deposition and an agent or officer

from the Department of Homeland Security shall remain present during the entire proceeding. The arresting agency shall bring the Material Witness to the deposition.

3. The United States Attorney's Office shall arrange for a federally court-certified Spanish language interpreter to be present for the Material Witness. The United States shall bear the cost of the interpreter pursuant to 28 U.S.C. §1827(c)(2).

4. If a defendant, represented by counsel appointed under the Criminal Justice Act ("CJA"), needs an interpreter other than the interpreter for the Material Witness (if any), then defense counsel shall arrange for a federally court-certified interpreter, or otherwise qualified interpreter under 28 U.S.C. §1827, to be present. The cost of a separate interpreter for the defendant shall be paid with CJA funds. Interpreters procured by Federal Defenders of San Diego, Inc. are paid with its funds.

5. The United States Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony, serve as a notary and preside at the deposition in accordance with Federal Rule of Civil Procedure Rule 28(a). The United States Attorney's Office shall bear the cost of the court reporter and transcript.

6. The United States Attorney's Office shall provide a videographer (the "operator") to record the deposition testimony by way of an instant visual display method.

7. The deposition shall be recorded by digital audio and video technology or other electronic digital means, which records sound as well as visual images. At the conclusion of the deposition, on the record, the witness may elect to review the digital video recording or electronic digital recording (hereinafter referred to as "video recording") of the deposition to check for errors or omissions and to note any changes. Any errors, omissions or changes, and the reasons for making them,

shall be stated in writing, signed by the Material Witness, delivered to the notary in a sealed envelope and filed in the same fashion as described in Paragraph 20 below, unless the parties agree on the record to a different procedure.

8. The operator shall select and supply all equipment required to video record the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the Material Witness and assures clear reproduction of both the Material Witness' testimony and the statements of counsel. Any party or the Material Witness may object on the record to the manner in which the operator handles any of these matters. Any objections shall be considered by the Court in ruling on the admissibility of the videorecording. All such objections shall be deemed waived unless made promptly after the objector knows, or had reasonable grounds to know, of the basis of such objections.

9. The deposition shall be recorded in a fair, impartial and objective manner. The video recording equipment shall be focused on the Material Witness; however, the operator may, when necessary or appropriate, focus upon charts, photographs, exhibits, or like material being shown to the witnesses.

10. At the outset of the deposition, the Assistant U.S. Attorney shall state on the record (a) his/her name; (b) the date, time and place of the deposition; (c) the name of the Material Witness; (d) the identity of the parties and the names of all persons present in the deposition room. The court reporter shall then swear the Material Witness on the record. Prior to any counsel beginning an examination of the Material Witness, that counsel shall identify himself/herself and his/her respective client on the record.

11. Once the deposition begins, the operator shall not stop the video recorder until the deposition concludes, except that, any party or the Material Witness may request a brief recess, which request shall be honored unless a party

objects and specifies a good faith basis for the objection on the record. Each time the recording is stopped, the operator shall state on the record the time the recording stopped and the time it resumed. If the deposition requires the use of more than one storage device, the operator shall sequentially identify on the record the end and beginning of each storage device.

12. All objections both as to form and substance shall be recorded as if the objection had been overruled. The Court shall rule on objections at the appropriate time. The party raising the objection(s) shall prepare a transcript for the Court to consider. All objections shall be deemed waived unless made during the deposition.

13. The party offering the deposition in evidence at trial shall provide the Court with a transcript of the portions so offered.

14. Copies of all exhibits utilized during the deposition shall be marked for identification during the deposition and filed with the video record.

15. At the conclusion of the deposition, any objection, including the basis, to release of the Material Witness from custody shall be stated on the record. If there is no objection, then in accordance with Federal Rule of Criminal Procedure 15(a)(2), the attorney for the Material Witness shall immediately serve all parties with a "Stipulation and Proposed Order for Release of the Material Witness" and submit the Order for the Court's signature. Prior to release from custody the Assistant U.S. Attorney shall serve the Material Witnesses with a subpoena for the trial date (if a date has been set), a travel fund advance letter, and written authorization to enter the United States to testify at trial. If no trial date has been set at the time of the deposition, the Assistant U.S. Attorney shall so advise the Material Witness.

16. If any party objects on the record to the Material Witness' release from custody, the objecting party must file a written objection within twenty-four hours after the completion of the deposition. The Court will set a briefing schedule, if appropriate, and a date and time for the objection to be heard as soon as reasonably

practicable. At the hearing, the objecting party must establish to the Court's satisfaction an appropriate legal basis for the Material Witness to remain in custody. If the Court orders the release of the Material Witness, the Material Witness' counsel shall immediately present the release order to the Court. Before release of the Material Witness from custody, the United States shall serve the Material Witnesses with a subpoena for the trial date (if a trial date has been set), a travel fund advance letter and written authorization to legally enter the United States to testify at trial.

17. Any party offering the deposition in evidence at trial shall provide the Court with a transcript of the portions so offered. If requested by a party, the deposition testimony, if offered other than for impeachment, may be presented in non-stenographic video format, in which case no transcript need be prepared in advance of trial, unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 32(c).

18. Copies of all exhibits utilized during the video recorded depositions shall be marked for identification during the deposition and filed along with the video recording.

19. The operator shall provide a copy of the video recorded deposition to any party who requests a copy at the cost of the United States Attorney's Office. After preparing the requested copies, if any, the operator shall deliver the original video recording to the notary, along with a certificate signed by the operator attesting that it is an accurate and complete recording of the deposition.

20. The notary shall file with the Clerk of Court in a sealed envelope the original video recording, along with any exhibits offered during the deposition. The sealed envelope shall be marked with the caption of the case, the name of the witnesses, and the date of the deposition. To that envelope, the notary shall attach the certificate of the operator. If all counsel stipulate on the record, the United States Attorney's Office may maintain the original video recording until production is ordered by the Court or requested by any party.

21. Unless waived by the parties, the notary shall give notice to all parties of the filing of the video recorded deposition with the Court pursuant to Federal Rule of Civil Procedure 30(f)(3).

22. The United States must produce the forensic extractions of the Material Witnesses' cell phones to defense counsel and counsel for the Material Witnesses on or before March 6, 2023.

**IT IS SO ORDERED**.

Dated: February 9, 2023

Honorable David D. Leshner
U.S. Magistrate Judge